IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHEEDAH KAPLAN<br>2620 W. 6TH Street<br>Chester, PA 19013<br>      Plaintiff,<br>v.<br><br>NAAMANS CREEK COUNTRY MANOR<br>1194 NAAMANS CREEK ROAD<br>Garnet Valley, PA 19060<br>      Defendant. | **Civil Action**<br><br>**Jury Trial Demanded**<br><br>No.: |

## COMPLAINT

**I.   PRELIMINARY STATEMENT**

1.  Plaintiff, Rasheedah Kaplan, brings this action pursuant to 42 U.S.C.S. §1981, Title VII of the Civil Rights Act, the Pennsylvania Human Relations Act and applicable Pennsylvania common law. Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney's fees from Defendant as a result of Defendant's contractual interference, retaliation, and other tortious actions.

**II.   JURISDICTION AND VENUE**

2.  Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343 and 42 U.S.C. §2000 e-5(f) as this matter is one of Federal Question.

3.  Plaintiff has complied with all jurisdictional prerequisites as she is not required to

1

exhaust any administrative remedies under 42 U.S.C.S. §1981.

4. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 and 42 U.S.C.S. §1981.

5. At all times material hereto, Defendant, Naamans Creek Country Manor, was "engaged in an industry affecting commerce" within the meaning of 42 U.S.C.S. §1981.

6. At all times material hereto, Defendant was deemed an "employer" as defined by 42 U.S.C.S. §1981.

7. At all times material hereto, Plaintiff was afforded the protections provided under 42 U.S.C.S. §1981 as Plaintiff was retaliated against and forced to leave her position due to her race.

8. At all times material hereto, Plaintiff was subjected to severe and pervasive harassment as enumerated *supra*.

9. This Honorable Court maintains Jurisdiction over this matter as it is one of Federal Question and the harassment and termination occurred within the geographic region of United States District Court for the Eastern District of Pennsylvania.

### III. THE PARTIES

10. Plaintiff, Rasheedah Kaplan (hereinafter " Plaintiff"), is an adult African American female.

11. Plaintiff resides at the above-captioned address.

12. Upon information and belief, Defendant operates a business that provides nursing and rehabilitation related services where Plaintiff was employed, with a registered business

address as enumerated above.

13.     At all times material hereto, the actions enumerated within this Complaint occurred within the Commonwealth of Pennsylvania as Plaintiff's job was within the limits of Delaware County, Pennsylvania.

### IV. FACTUAL BACKGROUND

14.     Plaintiff had been working for Defendant, Naamans Creek Country Manor, for nearly fifteen (15) years, as a registered nurse, thirteen (13) of which she served as a manager, with a salary of approximately $94,000.00.

15.     To date, Plaintiff's official termination from her employment is still pending; however, she continues to be discriminated against and harassed as a result of her race and prior work related injury.

16.     As part of Plaintiff's job duties and responsibilities, she was responsible for performing the duties and services of a registered nurse, but also was required to manage all shifts of charge nurses and certified nursing assistants.

17.     At all times material hereto, Plaintiff was supervised by Karen Cassidy, Director of Nursing and Margaret Carter, Director of Human Resources.

18.     On or about, November 13, 2023, Plaintiff was injured in the course and scope of her employment. Specifically, Plaintiff injured her right wrist and arm while attempting to assist a patient that was in the process of falling.

19.     As a result of Plaintiff's injuries, Plaintiff saw an Occupational Health doctor who would advise her on various limitations of her injury.

20. Immediately upon Plaintiff's return to work on November 15, 2023, harassment by Karen Cassidy, specifically Ms. Cassidy would assign Plaintiff tasks that she was incapable of doing with her injuries and would get angry with Plaintiff when she refused, in addition to continuous disregard and undermining of Plaintiff's injuries.

21. On November 29, 2023, following an appointment with Plaintiff's Occupational Health, Plaintiff went to speak with Margaret Carter to discuss some of the job descriptions that she could temporarily not perform. Margaret told Plaintiff that said doctor was trying to "play her" and that he did not know about the requirements of her job, this was in addition to multiple negative comments made by Ms. Carter and significant unnecessary questioning of Ms. Kaplan's injuries.

22. On this same day, Plaintiff was brought into a meeting with Ms. Carter and Ms. Cassidy in which she was told that she was being "written up" for not adhering to a "new schedule". Notably this change in schedule was a result of a new contract signed by Plaintiff under the duress of Ms. Cassidy and the administrator Angela Flancher. Plaintiff would be further hindered from adhering to this new schedule with her injuries.

23. On December 4, 2023, Plaintiff informed Karen Cassidy that her doctor had asked her to stop work due to asthmatic bronchitis and that the hand and wrist specialist Plaintiff had been treating with, had potentially recommended surgery. Ms. Cassidy responded by saying that the Doctor was "fishing."

24. Plaintiff returned to work following a brief absence and was informed that she would have to start working holidays. This was not noted to her via written or verbal

communications, instead a new holiday schedule was "posted" which Plaintiff was expected to adhere to. Notably, Plaintiff was a salary employee and salary employees were exempt from holiday hours.

25. Beginning in December of 2023, Karen Cassidy and Margaret Carter began to question Plaintiff's staff about her unit and what she "does" on the unit.

26. On January 23, 2024, Karen Cassidy made further derogatory remarks about Plaintiff's injuries.

27. On January 26, 2024, Plaintiff was given a write up citing perfunctory attendance, stating that she had previously been written up for same, however, both of these allegations were false.

28. On January 29, 2024, Plaintiff was given a third write-up by Ms. Carter and Ms. Cassidy, alleging that Plaintiff had "left an IV in a patients arm", however, this incident was not the responsibility of Plaintiff, nor did Ms. Carter or Ms. Cassidy write-up any other employees.

29. Following this incident, Plaintiff lost the ability to utilize their office.

30. Upon information and belief, Ms. Carter is no longer employed with Defendant and Ms. Cassidy has resigned.

31. In addition to the aforementioned discriminatory actions, Ms. Cassidy would frequently make racist remarks regarding Plaintiff and other African American employees, particularly regarding their hair.

32. Upon information and belief, Ms. Carter and Ms. Cassidy collaborated to discriminate and harass Plaintiff, such as making comments such as "[Plaintiff's] head is going

5

to roll if [Plaintiff] doesn't get their act together."

33. In addition to the hostility that Plaintiff was subjected to, Plaintiff's daughter, Tasia Majeed, was harassed by Ms. Carter and Ms. Cassidy including unnecessary write ups and eventually terminating her.

34. At all times material hereto, the management and ownership of Defendant were acting within the course and scope of their employment in terms of their contact on a day to day with the Plaintiff.

35. At all times material hereto, Plaintiff performed her job related duties in a satisfactory and appropriate manner.

36. Any acts or omissions attributed herein to the Defendant, its agents, servants and/or representatives were committed or omitted by its principals, directors, officers, managers and other employees who were acting in the course, scope and color of their employment with said Defendant.

37. At all times material hereto, upper level management of the Defendant aided and abetted the aforementioned retaliation and discrimination to which Plaintiff was subjected thereto.

38. The aforementioned conduct of Defendant was materially adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under the law.

39. At all times material hereto, Defendant Naaman's Creek Country Manor had a continuing need for the work and duties that Plaintiff performed on a day to day basis.

40. As a direct and proximate result of Defendant's aforesaid acts and/or omissions, including the retaliatory and discriminatory practices, Plaintiff:

- (a) was constructively discharged from her employment to her great financial detriment and loss;

- (b) had her ability to work and find new work interfered with because of the actions on the part of the Defendant and its representatives;

- (c) caused Plaintiff great pain and suffering, emotional loss, hostility and emotional upset; and

- (d) suffered severe embarrassment, humiliation and depression directly from said Defendant's conduct.

**COUNT I**
**RASHEEDAH KAPLAN vs. NAAMAN'S CREEK COUNTRY MANOR**
**VIOLATION OF THE EQUAL RIGHTS PURSUANT TO LAW 42 USCS §1981**

41. Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

42. The conduct of the Defendant and their treatment of Plaintiff in her employment violated 42 U.S.C.S. §1981 as Plaintiff's constructive discharge, harassment, and retaliatory conduct was based upon false pretenses and due to her race (African American).

43. At all times material hereto, Plaintiff had the experience, knowledge and wisdom on how to attain and perform her job related duties yet was discriminated against as a direct result of her race.

WHEREFORE, Plaintiff, Rasheedah Kaplan, demands judgment against Defendant, including:

(a) A declaration that Defendant's actions as described herein violated Title 42 U.S.C.S. §1981;

(b) equitable and declaratory relief;

(c) compensatory damages for Plaintiff's loss of past and present income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(d) punitive damages;

(e) payment of interest and Plaintiff's attorney's fees and costs associated with the prosecution of such action; and

(f) such other relief as this Honorable Court may deem just and proper.

## COUNT II
## RASHEEDAH KAPLAN vs. NAAMAN'S CREEK COUNTRY MANOR
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS

44. All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

45. The conduct of Defendants' treatment of Plaintiff in her employment violated the Pennsylvania Human Relations Act 33 P.S. 955, *et seq*, as Carter and Cassidy's harassment, hostile work environment, retaliation and discrimination was based upon her race and prior work related injury.

46. Defendants' employment practices deprived Plaintiff of equal employment

opportunities and otherwise affected her status as an employee because of her race and prior work related injury.

47.   As a direct and proximate result of Defendants' actions, conduct and omissions, Plaintiff has suffered the injuries and damages set forth herein past and future earnings, income, benefits, and opportunities as well as pain and suffering, severe emotional distress, mental anguish, embarrassment and a loss of enjoyment of life's pleasure.

WHEREFORE, Plaintiff, Rasheedah Kaplan, demands judgment against Defendants, including:

(a) a declaration that Defendants' actions as described herein violated The Pennsylvania Human Relations Act;

(b) equitable and declaratory relief requiring Defendant, Defendants, to institute sensitivity and other training for all managers, employees and supervisors to religious harassment and discrimination in the workplace;

(c) equitable and declaratory relief requiring Defendant, Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints;

(d) equitable and declaratory relief requiring the posing of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

(e) compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconveniences, embarrassment, emotional distress and loss of enjoyment of life, plus interest;

(f) payment of interest and Plaintiff's attorney's fees and costs associated with bringing this claim; and

(g) such other relief as this Court my deem appropriate under the circumstances.

**COUNT III**
**ALEXANDER PERCIFUL V. DEFENDANT**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000**

48. Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

49. The conduct of Defendant's treatment of Plaintiff in her employment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq*. as the harassment, hostile work environment, retaliation and discrimination was based upon her race and prior work related injury.

WHEREFORE, Plaintiff, Rasheedah Kaplan, demands judgment against Defendants including:

(a) A declaration that Defendants' actions as described herein violated Title VII of the Civil Rights Act of 1964;

(b) Equitable and declaratory relief requiring Defendants, to institute sensitivity and other training for all managers, employees and supervisors to prevent age, sexual, racial and religious harassment and discrimination in the workplace;

(c) Equitable and declaratory relief requiring Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to religious harassment and discrimination;

(d) Equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including official company policy;

(f) Compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(g) punitive damages;

(h) payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

(i) such other relief as this Court may deem appropriate under the circumstances.

Respectfully submitted,
SAFFREN & WEINBERG

BY: _____
MARC A. WEINBERG, ESQUIRE
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(T): (215) 576-0100
(F): (215) 576-6288
mweinberg@saffwein.com

Dated: 11-6-25